UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CLIFFORD WILLIAMS ) | | |
| ) | **Case Number** | |
| **Plaintiff** ) | | |
| ) | | |
| vs. ) | **CIVIL COMPLAINT** | |
| ) | | |
| I.C. SYSTEM, INC. ) | | |
| ) | **JURY TRIAL DEMANDED** | |
| **Defendant** ) | | |
| ) | | |

## COMPLAINT AND JURY DEMAND

**COMES NOW,** Plaintiff, Clifford Williams, by and through his undersigned counsel, Brent F. Vullings, Esquire, of Vullings Law Group, LLC, complaining of Defendant and respectfully avers as follows:

### I.   INTRODUCTORY STATEMENT

1. Plaintiff, Clifford Williams, (hereinafter "Plaintiff"), is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant, for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices, violations of the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.4 ("PFCEUA) and the Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1-201-9.3 ("UTPCPL") which prohibits debt collectors and original creditors from engaging in abusive, deceptive and unfair practices as well as relief from Invasion of Privacy by Intrusion upon Seclusion.

## II.  JURISDICTION

2.  Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3.  Venue in this District is proper in that the Plaintiff resides in this District.

## III.  PARTIES

4.  Plaintiff, Clifford Williams, (hereafter, Plaintiff) is an adult natural person residing in Philadelphia, PA.  At all times material and relevant hereto, Plaintiff is a ("consumer") as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5.  Defendant, I.C. System, Inc., (hereafter, Defendant) at all times relevant hereto, is and was a corporation, engaged in the business of collecting debt within the Commonwealth of Pennsylvania and the State of Minnesota, with a principal place of business located at 444 East Highway 9, St. Paul, MN 55164.

6.  Defendant is engaged in the collection of debts from consumers using the telephone and mail.  Defendant, is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV.  FACTUAL ALLEGATIONS

7.  Plaintiff has been receiving calls for several weeks from the Defendant attempting to collect on a past due PECO utility account.

8.  Plaintiff is said to owe a past due amount of approximately $867.00.

9.      Since the first call with the Defendant, the Plaintiff has acknowledged this account and has tried to explain that he has been very sick and waiting for his disability benefits to start so that he can make payment arrangements.

10.     During each call, the Defendant demanded to know exactly when those benefits were going to start because they needed their money.

11.     Plaintiff states that the Defendant's male agent spoke down to him as though the Plaintiff owed him the money personally.

12.     The Plaintiff is unemployed and despite explaining that to the Defendant numerous times, the calls wanting to know where the money was continued.

13.     Plaintiff has been warned that he needs to get the money from somewhere.

14.     Despite already placing multiple calls to the Plaintiff, and speaking with him at length, the Defendant started placing calls to Plaintiff's elderly mother erroneously telling her that they were unable to reach her son in regards to a very important matter.

15.     Defendant's calls caused Plaintiff's mother to become fearful and upset with her son.

16.     Defendant's calls to Plaintiff's mother were nothing more than a tactic to humiliate the Plaintiff into payment on this debt.

17.     Plaintiff continues to receive calls from the Defendant several times each day to his home phone number.

18.     Defendant failed to send the Plaintiff a 30-day validation notice within five (5) days of their initial communication, sending it several weeks after their first contact.

19. On or about August 16, 2013, Defendant's agent, "Nathan Wesley", placed a call to the Plaintiff looking for payment.

20. The Plaintiff again informed the Defendant that he currently did not have the means to pay.

21. "Nathan Wesley" responded that the Plaintiff had to be able to get money from somewhere because he had a phone he was talking on, so someone must be paying the bill for that.

22. Plaintiff explained that he was not going to find anyone else to pay his debt for him and ended the call.

23. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequences of which is to harass, oppress, or abuse such person in connection with the collection of a debt.

24. At all times pertinent hereto, the conduct of Defendant, as well as their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

25. At all times pertinent hereto, Defendant, was acting by and through their agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant, herein.

26. As a result of the conduct of Defendant, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and he will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

27. Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant, could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

## COUNT I – FDCPA

28. The above paragraphs are hereby incorporated herein by reference.

29. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by the Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

30. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of 15 U.S.C. § 1692:

| | |
|---|---|
| §§ 1692c(b): | With anyone except consumer, consumer's attorney, or credit bureau concerning the debt |
| §§ 1692d: | Any conduct the natural consequence of which is to harass, oppress or abuse any person |
| §§ 1692d(5): | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| §§ 1692e: | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692e(10): | Any false representation or deceptive means to collect a debt or obtain information about a consumer |

   §§ 1692f:  Any unfair or unconscionable means to collect or attempt to collect the alleged debt

   §§ 1692g:  Failure to send the consumer a 30-day validation notice within five (5) days of the initial communication

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in her favor and against Defendant, I.C. System, Inc., for the following:

 a. Actual damages;

 d. Statutory damages pursuant to 15 U.S.C. §1692k;

 c. Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

 d. Such addition and further relief as may be appropriate or that the interests of justice require.

## COUNT II
### VIOLATIONS OF PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT- (FCEUA, 73 Pa. C.S. § 2270.1 et seq.)

31. Plaintiff repeats, re-alleges and incorporates by reference the foregoing paragraphs.

32. The collection of a debt in Pennsylvania is proscribed by the Fair Credit Extension Uniformity Act at 73 Pa. C.S. § 2270.1 et seq., ("FCEUA") and the Pennsylvania Unfair Trade Practices and Consumer Protection Law 73 Pa. C.S 201-1 et seq. ("UTPCPL").  Defendant is a debt collector pursuant to 73 Pa. C.S. § 2270.3.

33. The alleged debt Defendant were attempting to collect is a debt as defined by 73 Pa. C.S. § 2270.3.

34. The FCEUA proscribes, <u>inter alia</u>, engaging in any false, misleading or deceptive representations when attempting to collect a consumer debt.

35. The actions of Defendant, as aforesaid, constitute false, misleading or deceptive representations.

36. Violations of the FDCPA is a <u>per se</u> violation of the FCEUA and the UTPCPL.

37. As a direct and proximate result of the said actions, Plaintiff has suffered financial harm.

38. By virtue of the violations of the law as aforesaid, and pursuant to the FCEUA and UTPCPL, Plaintiff is entitled to an award of actual damages, treble damages, attorney's fee and costs of suit.

**WHEREFORE**, Plaintiff prays this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

a. Actual damages;

b. Treble damages;

c. An award of reasonable attorneys fees and expenses and costs of court; and

d. Such additional relief as is deemed just and proper, or that the interests of justice require.

# COUNT III
# VIOLATIONS OF PENNSYLVANIA CONSUMER PROTECTION LAW ("UTPCPL"), 73 Pa. C.S. § 201-1 et seq.

39. The foregoing paragraphs are incorporated herein by reference.

40. Plaintiff and Defendant are "Persons" to 73 Pa. C.S § 201-2.

41. The UTPCPL proscribes, inter alia, engaging in any "unfair or deceptive acts or practices", either at, and prior to or subsequent to a consumer transaction.

42. The actions of the Defendant, as aforesaid, constitute unfair acts or practices under the UTPCPL, by way of the following, inter alia:

   a. Defendant engaged in deceptive or fraudulent conduct which created a likelihood of confusion or of misunderstanding, 73 Pa. C.S. § 201-2(xxi);

   b. Defendant failed to comply with the FDCPA and FCEUA which are per se violations of the UTPCPL.

43. As a direct and proximate result of the said actions, Plaintiff has suffered financial damages and other harm.

44. By virtue of the violations of law aforesaid and pursuant to the UTPCPL, Plaintiff is entitled to an award of actual damages, treble damages, attorney's fees and costs of suit.

**WHEREFORE** Plaintiff prays this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

   a. An Order declaring that Defendant violated the UTPCPL;

  b.  Actual damages;

  c.  Treble damages;

  d.  An award of reasonable attorney's fees and expenses and cost of suit; and

  e.  Such additional relief as is deemed just and proper, or that the interest of justice may require.

## COUNT IV

### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

45. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

46. The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

47. Pennsylvania further recognizes the Plaintiff's right to be free from invasions of privacy, thus the Defendants violated Pennsylvania state law.

48. The Defendant intentionally intruded upon the Plaintiff's right to privacy by continually harassing the Plaintiff with numerous calls.

49. The conduct of the Defendant in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

50. As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendant.

51.     All acts of the Defendant were committed with malice, intent, wantonness, and recklessness, and as such, the Defendant are subject to punitive damages.

**WHEREFORE** Plaintiff prays this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

    a.    Actual damages

    b.    Statutory damages

    c.    An award of reasonable attorney's fees and expenses and cost of suit; and

    d.    Such additional relief as is deemed just and proper, or that the interest of justice may require.

## V.     JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

                        **Respectfully submitted,**

                        **VULLINGS LAW GROUP, LLC**

**Date:  August 23, 2013**

                        **BY:** _/s/Brent F. Vullings bfv8435_
                        Brent F. Vullings, Esquire

                        Vullings Law Group, LLC
                        3953 Ridge Pike
                        Suite 102
                        Collegeville, PA 19426
                        610-489-6060
                        610-489-1997 (fax)
                        Attorney for Plaintiff
                        bvullings@vullingslaw.com